(Nos. 2191 and 2297, consolidated—

JOHN A. HANNA AND HATTIE HANNA, No. 2191, J. B. LAMB, JR., No. 2297, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

TOM W. SMURR, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

It appears from the claims filed in the two foregoing cases that John A. Hanna and Hattie Hanna were the owners of certain farm lands located between the Illinois-Michigan Canal and the Illinois River in the East three-quarters of Section fifteen (15), Town thirty-three (33) North, Range two (2) East of the Third Principal Meridian in the County of LaSalle and State of Illinois at the time of the alleged damage.

That J. B. Lamb, Jr., was the tenant on said lands from March 1, 1932 to March 1, 1933. Counsel for claimants and respondent have agreed that these two cases may be consolidated. Attention is called to the existence of another

case now pending in this court upon the claim of John A. Hanna and Hattie Hanna, No. 2192, which involves a claim for damages alleged to have arisen several years prior to the matters set forth in the two claims here under consideration.

Claimants herein allege that it was the duty of respondent to make the necessary repairs to the north bank of the Illinois and Michigan Canal, so as to prevent water passing through the canal flowing into and upon the lands of claimants; that respondent did not regard its duty in that behalf, but failed and neglected and refused to repair a certain break; that from about the month of May 1932, until the 13th day of July, 1932, the respondent, through its agents and servants, failed and neglected to keep the flow of water in the canal retained therein, and negligently and carelessly permitted the same to flow upon and submerge the lands of claimants, thereby destroying crops to the damage of claimants John A. Hanna and Hattie Hanna in the amount of $556.50, and to the damage of claimant J. B. Lamb, Jr., $496.25.

The Attorney General has filed a motion to dismiss the claims upon the ground that if the claims came within the Illinois Waterway Act the Court of Claims should not take jurisdiction, and if the claims are not within said Act, then under the Statutes and Decisions no award should be made because of the constitutional provisions relative to said Illinois and Michigan Canal. Counsel for the State cites the case of *Burke* vs. *Snively,* 208 Ill. 328 and the case of *Hollenbeck* vs. *State of Illinois,* 6 C. C. R. 330. The constitutional and statutory provisions are there set out in detail. The Constitution of 1870 (Separate Sec. 3) provides:

"The General Assembly shall never loan the credit of the State, or make appropriations from the treasury thereof, in aid of railroads or canals: provided that any surplus earnings of any canal may be appropriated for its enlargement or extension."

The only exception made for the voting of appropriations from funds that have reached the treasury of the State, is stated in the last line and is limited to *enlargement or extension of such canal.* Any appropriation to meet expenses or liabilities connected with or growing out of the operation of the canal would be in aid of it. In construing this sec-

tion of the Illinois Constitution the Supreme Court in the Burke case said that the word "aid" should be given its natural and ordinary meaning and means simply to help to support, to assist, to sustain, to succor or to relieve. The court further said:

"We are of the opinion that the true meaning of the constitutional provisions with reference to the canal is, that the Legislature should have power to operate it to the extent, and to the extent only, that the income of the canal would defray the expenses of operation, maintenance and preservation, and that no monies shall be appropriated from the treasury of the State in aid of the operation, maintenance or preservation thereof, and that if the earnings of the canal produced a surplus, appropriations of such surplus might be made to aid in the enlargement or extension of the canal."

We believe it was the intention of the framers of the Constitution to require the expenses and liabilities incurred in the maintenance and operation of the Illinois and Michigan Canal, to be paid out of its earnings. The claims in question all arose out of the maintenance and operation of the canal and could only be payable therefrom.

Section 9 of an "*An Act to revise the law in relation to the Illinois and Michigan Canal and for the improvement of the Illinois and Little Wabash Rivers, approved March 27, 1874*" gives the Canal Commissioners (under Act of April 22, 1871) the control and management of the Illinois and Michigan Canal. The second paragraph of the section makes it their duty to keep the canal, locks and dams in proper repair and condition for use and authorizes them "to enter upon and use, prevent overflow or damage to any contiguous lands, and to procure and appropriate all such material as in their judgment may be necessary or proper, etc.,—and may take proceedings in their official name to ascertain the compensation therefor in the manner at the time provided by law for the exercise of the right of eminent domain; *provided,* that the damages, cost of materials and improvements shall in all cases be paid out of the net proceeds derived from tolls." By the enactment of the Civil Administrative Code in 1917, the rights, powers and duties of the *Canal Commissioners* were given to the Department of Public Works and Buildings, and later in June, 1925, by amendment were conferred upon the Department of Purchases and Construction. Section 9 was not changed by any of these Acts in any other respect.

352

In 1908 an amendment to said section of the Constitution added the following proviso to the original wording:

"Provided that any surplus earnings of any canal, *Waterway, or waterpower* may be appropriated *or pledged* for its enlargement, *maintenance or its extension."* . The words underscored were added to the amendment.

The Department of Purchases and Construction is clothed with all the powers and duties pertaining to the maintenance of the Illinois and Michigan Canal. It is also the definite conclusion of the court that the Court of Claims has no jurisdiction in claims for damages to property arising under the Illinois Waterway. It is equally apparent that the Court of Claims has no jurisdiction to pass upon claims for damages to property arising out of the construction, maintenance or operation of any portion of the Illinois and Michigan Canal. If the damages claimed relate to those portions of the canal incorporated in the Illinois Waterway, the amount of damages must be determined as provided in the Waterway Act. If they relate to portions of the canal not included in the Illinois Waterway, and come within Section 9 heretófore referred to of the Illinois and Michigan Canal Act, approved March 27, 1874, then the amount of damages must be ascertained and paid as provided by said Section 9. We believe the Department of Purchases and Construction has authority to use its receipts of the canal in any way necessary in the proper maintenance of the canal, turning only such amount into the State treasury as may be left after such maintenance expense. We do not believe that the Court of Claims has authority to make an award—nor that the Legislature would have authority to appropriate money from the treasury of the State for the payment of any award which we might allow under the facts herein. The claims are hereby dismissed.